## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                    Cr. No. 01-375 (RHK/AJB)
                                    Civ. No. 07-2060 (RHK)
                                    **MEMORANDUM OPINION**
                                    **AND ORDER**

v.

Antonio Soberanis-Sagrero,

        Defendant.

---

Nathan P. Petterson, Assistant United States Attorney, Minneapolis, Minnesota, for Plaintiff.

Antonio Soberanis-Sagrero, Defendant pro se, Waseca, MN.

---

## INTRODUCTION

Pro se Defendant Antonio Soberanis-Sagrero has filed a Motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. He asserts ineffective assistance of counsel regarding his sentencing and that his attorney never informed him of his right to file a § 2255 motion. The Government argues that Defendant has failed to comply with the one-year time limit for filing a § 2255 motion as prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); it also argues that Defendant's Motion is without merit. For the reasons set forth below, the Court will deny Defendant's Motion.

## BACKGROUND

On December 18, 2001, the Government charged Defendant in a one-count Indictment with possession with intent to distribute approximately 695 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  On June 14, 2002, Defendant appeared before the Court for a change of plea hearing.  However, that hearing was adjourned, without a change in plea, because Defendant did not provide a factual basis for a guilty plea.  The Court then scheduled a jury trial for August 12, 2002, but on that date, Defendant pled guilty to the one-count Indictment.  (See Plea Agreement ¶ 1.)  Defendant also stipulated to a base offense level of 36.  (Id. ¶ 4a.)

The United States Probation Office prepared a Presentence Report ("PSR"), which also calculated a base offense level of 36.  (PSR ¶ 12.)  Applying a two-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 34.  (PSR ¶¶ 17-18.)  The PSR determined that Defendant's criminal history category was IV, resulting in a guideline sentencing range of 210 to 262 months.  (PSR ¶¶ 26, 41.)

The Court adopted the guideline calculations contained in the PSR, but granted a downward departure for overstatement of criminal history, pursuant to United States Sentencing Guidelines § 4A1.3.  The Court placed Defendant in category II, resulting in a guideline sentencing range of 168 to 210 months.  On October 24, 2002, the Court sentenced Defendant to 168 months' imprisonment and 5 years of supervised release.

On May 16, 2003, the Eighth Circuit found no plain error in this Court's acceptance of Defendant's plea.  See United States v. Soberanis-Sagrero, No. 02-3718,

2003 WL 21129855, at *1 (8th Cir. May 16, 2003). On April 25, 2007, Defendant filed this Motion.

## ANALYSIS

**I.  Defendant's Motion is Time-Barred**

Prior to the enactment of the AEDPA, a federal defendant could bring a § 2255 motion at any time. However, the AEDPA now limits the time period for filing § 2255 motions to one year from the date of the latest applicable triggering event:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255; see Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).

Here, the relevant triggering date is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Section 2255 does not specify when a judgment of conviction becomes final. However, the United States Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

In this case, Defendant did not file a petition for a writ of certiorari. Therefore, the latest triggering event under the AEDPA occurred 90 days after the Eighth Circuit affirmed the judgment of the this Court.[1] The Eighth Circuit affirmed the judgment of this Court on May 16, 2003 and Defendant had 90 days from this date, or until August 16, 2003, to file a petition for a writ of certiorari. Thus, Defendant's judgment of conviction became final on August 16, 2003. Pursuant to the AEDPA, Defendant had up to one year after August 16, 2003, or until August 16, 2004, to file his § 2255 motion. However, Defendant's Motion was filed on April 25, 2007, nearly three years after the expiration of the one-year limitations period. Accordingly, the Court finds that Defendant's Motion is untimely under § 2255. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The one-year time limit, under the AEDPA, however, may be extended if there are extraordinary circumstances beyond a defendant's control that prevent him from timely filing a § 2255 motion. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). Defendant argues that the Court should excuse his untimely § 2255 Motion because he is Hispanic and does not speak, read, write, or understand the English language. Defendant also asserts that his attorney never informed him of his right to file a § 2255 motion and that the law library facility where he is incarcerated is deficient of legal materials written

---

[1] A petition for writ of certiorari to review the judgment of the court of appeals must be filed with the Clerk of the Supreme Court within 90 days of the entry of the judgment of the court of appeals. Sup. Ct. R. 13. Also, for the purpose of starting the clock on § 2255's one-year limitation period, the U.S. Supreme Court has held that the time to file a petition for a writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the issuance date of the mandate. Clay, 537 U.S. at 524-25.

in Spanish and does not have any Spanish-speaking law library clerks.  Defendant cites to Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006), for the proposition that a "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances" such that it is appropriate to toll the AEDPA's one-year statute of limitations.

Many federal prisoners are in the same position as Defendant, yet are able to comply with the one-year filing requirement for a § 2255 motion.  See, e.g., Martinez v. Kuhlmann, No. 99 Civ. 1094, 1999 WL 1565177, at * 5 (S.D.N.Y. Dec. 3, 1999) ("An inability to speak, read or write English, alone or in combination with difficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners.").  The Court finds that the grounds asserted by Defendant do not constitute extraordinary circumstances justifying equitable tolling.  See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (finding that the inability to read and speak English is not a sufficient basis for equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy does not toll the limitations period).  Therefore, the Court rejects Defendant's equitable tolling argument and will dismiss his § 2255 Motion as untimely.

## II. Defendant Has Failed to Show Ineffective Assistance of Counsel

Even if the Court were to consider Defendant's Motion on the merits, it would still fail.  Defendant asserts that he received ineffective assistance of counsel when his

attorney failed to advise him that he should have been sentenced based on a mixture of methamphetamine (695 grams), rather than a quantity of actual methamphetamine (681 grams). In order to establish ineffective assistance of counsel, a defendant must prove (1) "his counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The Court finds that Defendant has failed to satisfy either prong of the Strickland test here.

First, the record shows that Defendant stipulated to the drug quantity and the base offense level applied by the Court. (Plea Agreement ¶ 4a.) In addition, the stipulation was based on the Chemical Analysis Report prepared by the Drug Enforcement Administration ("DEA"), which confirmed that the methamphetamine seized was 98% pure, resulting in a total amount of 681.5 grams of pure methamphetamine.[2]

Defendant did not have to stipulate to the drug purity and the Government could have called the chemist to testify at Defendant's trial. The Court finds that Defendant's counsel was not deficient for allowing his client to stipulate to the drug purity because it was consistent with the finding of the DEA laboratory. The Court also finds that Defendant benefited from his counsel's strategy by receiving a reduction for acceptance of responsibility. Consequently, there was no prejudice to Defendant. Accordingly, the Court rejects Defendant's claim of ineffective assistance of counsel.

---

[2]This was consistent with the parties' stipulations and this Court's calculation of the sentencing guidelines. For methamphetamine, the weight of the actual methamphetamine is used, rather than the weight of the mixture, if it results in a higher base offense level. U.S. Sentencing Guidelines Manual § 2D1.1 (Drug Quantity Table, Note B) (2006).

### III. Evidentiary Hearing

Finally, Defendant argues that he is entitled to an evidentiary hearing in this matter. The Court disagrees. The Court can dismiss a § 2255 petition without a hearing "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Here, Defendant's assertions of ineffective assistance of counsel were contradicted by the evidence in the record. Therefore, the Court concludes that no evidentiary hearing is required in this case.

### CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Cr. No. 01-375, Doc. No. 39, Civ. No. 07-2060, Doc. No. 1) is **DENIED**.

Date: August 30, 2007

        s/Richard H. Kyle
        RICHARD H. KYLE
        United States District Judge